**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4117**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS SNIFFEN,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:15-cr-00213-MOC-DSC-7)

Submitted: October 27, 2021             Decided: November 5, 2021

Before KING and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

William R. Terpening, TERPENING LAW PLLC, Charlotte, North Carolina, for Appellant. Brian C. Rabbitt, Acting Assistant Attorney General, Robert A. Zink, Acting Deputy Assistant Attorney General, Daniel J. Kane, Jennifer Farer, Philip Trout, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Sniffen pleaded guilty without the benefit of a plea agreement to several offenses based on his participation in a fraudulent scheme in which persons were telephoned and told that they won a sweepstakes and, to collect their cash award, they would have to remit a "fee" in advance. There was no sweepstakes, nor did Sniffen ever return a person's fee. Sniffen was sentenced to 114 months' imprisonment. Sniffen challenges several aspects of his sentence. We affirm Sniffen's sentence, but remand to the district court to correct a clerical error.

Sniffen first challenges the two-level enhancement imposed because he knew or should have known that some of his victims were vulnerable. *See* U.S. Sent'g Guidelines Manual § 3A1.1(b)(1). "In reviewing whether a sentencing court properly calculated the Guidelines range, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). We have reviewed the record and conclude that there was no error in applying the two-level enhancement. The evidence revealed that it was common practice for Sniffen to "reload" victims, or contact victims who had fallen victim to the scheme to persuade the victim to send more money. *Id*. at 672 n.3 (noting that there is "the strong inference that defendants who reload victims target them because they are unusually vulnerable").

Sniffen also challenges the amount of loss for which it was found reasonably foreseeable to him. When determining the loss amount attributable to a defendant, "the [sentencing] court 'need only make a reasonable estimate of the loss.'" *United States v. Cloud*, 680 F.3d 396, 409 (4th Cir. 2012) (quoting USSG § 2B1.1 cmt. n.3(C)). Actual

loss, as was determined here, is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense." USSG § 2B1.1 cmt. n.3(A)(i). "Reasonably foreseeable pecuniary harm" is "pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." USSG § 2B1.1 cmt. n.3(A)(iv). "The amount of loss is a factual determination, and a sentencing court need only make a reasonable estimate of loss, given the available information, as supported by a preponderance of the evidence." *United States v. Savage*, 885 F.3d 212, 227 (4th Cir. 2018) (internal quotation marks omitted). In a conspiracy, "loss is attributable to a defendant if it results from the conduct of others so long as the conduct was in furtherance of, and reasonably foreseeable in connection with the criminal activity." *Shephard*, 892 F.3d at 672 (internal quotation marks omitted). Our review of the record shows that Sniffen's role in the conspiracy and his knowledge of the extent of the conspiracy is greater than he would like us to believe. We conclude that the district court's finding on the amount of loss was a reasonable estimate and that it was reasonably foreseeable to Sniffen.

We also conclude that there was no clear error in the district court's decision to apply a two-level Guidelines enhancement because the fraud was committed through a telemarketing scheme. A two-level enhancement can be imposed if the fraud offense involved 10 or more victims, was committed through a mass marketing scheme, or resulted in financial hardship to one or more victims. *See* USSG § 2B1.1(b)(2)(A). The court determined a two-level enhancement was appropriate after finding that it was a telemarketing scheme. A two-level enhancement for a mass-marketing scheme can be supported by evidence showing that there was "a plan, program, promotion, or campaign

3

that is conducted through solicitation by telephone, mail, the Internet, or other means to induce a large number of persons to (i) purchase goods or services; (ii) participate in a contest or sweepstakes; or (iii) invest for financial profit. 'Mass-marketing' includes, for example, a telemarketing campaign that solicits a large number of individuals to purchase fraudulent life insurance policies." USSG § 2B1.1 cmt. 4(A).

We further conclude that there is no evidence that the district court improperly considered evidence from a coconspirator's trial in determining Sniffen's sentence. Lastly, the record shows that the Government's decision not to request a reduced sentence under USSG § 5K1.1 based on Sniffen's assistance was not made in bad faith or because of an unconstitutional motive. *See United States v. Snow*, 284 F.3d 187, 190 (4th Cir. 2000).

Accordingly, we affirm Sniffen's sentence. The Government has brought to our attention a clerical error in the written judgment. The judgment incorrectly cites 18 U.S.C. § 2326(2)(A), (B) as one of the offenses. Thus, we remand to permit the district court to correct this clerical error. *See* Fed. R. Crim. P. 36. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*